■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KENT FONTAINE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Demakos, J.), rendered March 15, 1983, convicting him of burglary in the second degree (two counts), upon a jury verdict, and imposing sentence.

Judgment affirmed.

The trial court did not err in admitting rebuttal evidence offered by the People in response to defendant's attempt to prove that his presence in the burgled premises was innocent. This evidence tended to contradict defendant's testimony and to disprove his claim that he was but a good Samaritan who, upon passing near the premises, heard a burglar alarm sound, saw two teenagers run out of the premises, and subsequently entered the building to see if anyone needed assistance, having received no answer to his knocking on the door and window and hollering (see *People v Harris,* 57 NY2d 335, 345, cert den 460 US 1047). Since the rebuttal evidence directly challenged the truth of what defendant stated with regard to the reason for his presence in the building, it cannot be said to be collateral (see *People v Hill,* 52 AD2d 609, 611).

We also note that defendant was not entitled to a justification charge. Not only did he fail to request such a charge but even considering the record in a light most favorable to him (*People v Steele,* 26 NY2d 526, 529), the evidence would not support such a charge. The defense of justification could not excuse the crimes of which defendant was convicted (cf. *People v Almodovar,* 62 NY2d 126, 130) and the charge adequately informed the jury as to the requisite intent element of these crimes. Niehoff, J. P., Boyers, Lawrence and Eiber, JJ., concur.