■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EARL BUGGS, Appellant. — Judgment unanimously affirmed. Memorandum: On appeal from a judgment upon conviction of manslaughter in the first degree (Penal Law § 125.20 [1]), defendant faults the prosecutor for presenting improper rebuttal, rendering a prejudicial summation and improperly cross-examining a defense witness. Defendant also argues that the trial court's charge on defendant's flight was improper. None of these claims requires reversal and the claim relating to the prosecutor's summation was not preserved for review (*see,* CPL 470.05 [2]; *People v Dawson,* 50 NY2d 311, 324).

Defendant confessed to stabbing the victim with a steak knife. His defense was justification. Defense witnesses, including the defendant, testified that the victim had threatened to kill the mother of defendant's two children and had in fact assaulted this woman several times. Defendant claimed that prior to the stabbing, he saw a flash of metal in the victim's hand. On rebuttal, the prosecutor called several witnesses to impeach the testimony that the victim had a knife. This was entirely proper.

The People had the burden to disprove the defense of justification beyond a reasonable doubt (Penal Law § 25.00). A party may properly impeach opposing testimony provided it is not collateral to the issue upon which that witness has testified (*see, People v Harris,* 57 NY2d 335, *cert denied* 460 US 1047). Evidence is not collateral if it is relevant to some issue other than credibility (*see, People v Schwartzman,* 24 NY2d 241, 245, *cert denied* 396 US 846). The issue of whether the victim brandished a knife prior to or during the incident was not collateral, particularly given the fact that defendant failed to mention in his confession that the victim possessed a knife (*see, People v Wise,* 46 NY2d 321; *People v Fontaine,* 105 AD2d 710; *see also,* CPL 260.30 [7]).

The prosecutor's cross-examination of a defense witness concerning her failure to pay rent was error. Failure to pay a debt does not tend to show moral turpitude (*see, People v Montlake,* 184 App Div 578, 583.) The error was harmless, however, given the cumulative nature of the witness' testimony and the overwhelming evidence of defendant's guilt (*see, People v Crimmins,* 36 NY2d 230, 242).

The trial court's charge on flight was proper. In view of the court's permissive language and cautionary instruction, no reasonable juror would have been obligated to find guilt from defendant's flight (*see, People v Yazum,* 13 NY2d 302, 304; *People v Leyra,* 1 NY2d 199, 208; *cf. People v Fava,* 86 AD2d 975, *appeal dismissed* 58 NY2d 807). (Appeal from judgment of

Supreme Court, Monroe County, Pine, J., at trial; Kennedy, J., on suppression hearing — manslaughter, first degree.) Present — Dillon, P. J., Hancock, Jr., Doerr, Green and Schnepp, JJ.