■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WAVERLY PORTIS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Bambrick, J.), rendered May 24, 1983, convicting him of robbery in the first degree, assault in the second degree, and criminal use of a firearm in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that he was deprived of a fair trial by the prosecutor's prejudicial comments made during his summation lacks merit. The defendant failed to object to any portion of the prosecutor's summation, and therefore this contention was not preserved for appellate review (CPL 470.05 [2]). In any event, the record reveals that, for the most part, the prosecutor's summation constituted a fair response to the defense counsel's summation *(see, People v Street,* 124 AD2d 841, *lv denied* 69 NY2d 834). To the extent that the prosecutor's remarks were improper, in light of the overwhelming evidence of the defendant's guilt, they did not deprive the defendant of a fair trial *(see, People v Galloway,* 54 NY2d 396). The defendant also seeks reversal of the judgment on the ground that the testimony of the rebuttal witness was improper. The defendant again failed to object to the propriety of the introduction of the testimony of the rebuttal witness so

that he has not preserved the issue for appellate review (CPL 470.05 [2]). In any event, the introduction of that testimony was for the purpose of rebutting the defendant's claim that he was not at the crime scene, and as such, was properly admitted (see, People v Harris, 57 NY2d 335, cert denied 460 US 1047). The defendant's alibi witnesses sought to establish that the defendant was at a party at the time of the commission of the crime. The rebuttal witness testified to the fact that the party's location was three miles from the scene of the robbery. The rebuttal testimony was proffered to demonstrate that the defendant had the opportunity to commit the crime, and, therefore, did not deal with a collateral matter (see, People v Strawder, 106 AD2d 672; People v Fontaine, 105 AD2d 710). Accordingly, the judgment is affirmed. Mangano, J. P., Bracken, Weinstein and Balletta, JJ., concur.