■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES WILSON, Appellant.—Judgment, Supreme Court, New York County (Eugene Nardelli, J.), rendered on or about April 13, 1987, convicting defendant, after a jury trial, of attempted first degree robbery and attempted second degree robbery and sentencing him to concurrent terms of 7 to 14 years in prison on the attempted first degree robbery count and 3½ to 7 years in prison on the attempted second degree robbery count, unanimously affirmed.

Defendant and another were observed by a police officer and

another witness attempting a knifepoint robbery of the victim, who also testified and identified the defendant.

The court's *Sandoval* ruling allowing the prosecutor to question the defendant on his prior conviction for robbery was not improper, as the court restricted the inquiry to whether defendant was convicted of a felony involving larceny *(People v Sandoval,* 34 NY2d 371 [1974]). Similarity of the prior crime of which defendant was convicted to the one for which he is currently being tried does not automatically mandate preclusion *(People v Frumerin,* 121 AD2d 736, 737 [2d Dept 1986]). In any event, the testimony concerning the prior conviction was elicited from defendant on his direct examination and not addressed by the prosecutor on his cross-examination of the defendant. The evidence introduced by the prosecution on rebuttal was properly admitted as it related directly to statements made by defendant on his direct testimony, wherein he sought to establish that he was not at the scene of the crime *(cf., People v Portis,* 141 AD2d 773 [2d Dept 1988]). Concur—Ross, J. P., Asch, Milonas, Ellerin and Wallach, JJ.