■ LINDSAY SPIEGEL, an Infant, by Her Parents and Natural Guardians, EDWARD SPIEGEL and Another et al., Appellants, v STANLEY H. LEVY et al., as Executors of ROBERT LANDESDMAN, Deceased, et al., Respondents. [607 NYS2d 344] — Judgment, Supreme Court, New York County (Stanley Sklar, J.), entered May 11, 1992, which, upon a jury verdict in favor of the defendants, dismissed the complaint, unanimously affirmed, without costs.

Assuming, arguendo, that when an expert testifies that he agrees only with parts of a treatise, that treatise is not deemed authoritative for the purpose of impeaching the expert with it, nevertheless, the questioning which was permitted here was proper on the entirely independent ground that it constituted questioning with regard to prior inconsistent statements. Contradictory, material testimony may be introduced into evidence for the purpose of impeachment *(Joseph v Griesman Trucking Co.,* 265 App Div 590). Specifically, the prior testimony that asphyxia causing neural damage invariably manifests itself almost immediately after birth tended to discredit the physician's opinion, expressed at trial, that "the injury resulting from hypoxia resulted in this child's problem, that is, cerebral palsy, retardation, seizures."

In his direct testimony, the same witness relied on a published article in his direct examination, and later stated that

"it [the article] is of value" and "I agree with a lot of what they [the authors] said". Given the expert's reliance on the treatise in his direct examination and his testimony that he agreed with much of it, the physician could not foreclose full cross-examination by the semantic trick of announcing that he did not find the work authoritative.

Plaintiffs complain that they were not allowed to impeach one of defendants' experts with regard to prior inconsistent testimony. The prior testimony involved infant *bleeding* which did not manifest itself until some hours after birth, and had nothing at all to do with the issues at trial—the manifestation of irreversible neural damage. Nor was there any basis to allow cross-examination of defendants' experts with hypothetical questions concerning infant hypoxia occurring days before birth, which were wholly unrelated to the facts established at trial and could only have confused the jury. Concur—Rosenberger, J. P., Kupferman, Asch and Nardelli, JJ.