■ GERALDINE IVES et al., Appellants, v RICHARD G. CORRELL, Respondent. [621 NYS2d 179] —Mercure, J. Appeal from a judgment of the Supreme Court (Rose, J.), entered October 8, 1993 in Broome County, upon a verdict rendered in favor of defendant with the exception of an award to plaintiffs for lost wages.

In this action, plaintiffs seek to recover for injuries sustained by plaintiff Geraldine Ives (hereinafter plaintiff) in a November 30, 1990 automobile accident. It is undisputed that the accident occurred when defendant drove his vehicle into the rear of plaintiff's vehicle, which was stopped at a traffic light at the time. Defendant conceded liability, and a jury trial was conducted on the issue of damages. Following deliberations, the jury found that plaintiff had not sustained a serious injury and awarded only $158.40 to compensate for plaintiff's lost wages. Plaintiffs appeal.

We affirm. Initially, it is our view that Supreme Court did not abuse its broad discretion *(see, Thompson v Connor,* 178 AD2d 752, 753, *lv dismissed* 80 NY2d 826) in denying plaintiffs' motion, made four days prior to trial, to amend the

complaint to assert a claim for punitive damages. Notably, the trial had been previously postponed and the note of issue stricken because of plaintiffs' day-of-trial motion to amend the complaint to assert a derivative cause of action, and plaintiffs offered no excuse for their obviously excessive delay in making the present application *(see, F.G.L. Knitting Mills v 1087 Flushing Prop.,* 191 AD2d 533, 534; *Pellegrino v New York City Tr. Auth.,* 177 AD2d 554, 557, *lv denied* 80 NY2d 760). We also note that the claim for punitive damages, based upon defendant's intoxication and failure to brake or take evasive measures in an effort to avoid the accident, was of questionable merit *(see, Taylor v Dyer,* 190 AD2d 902).

We also reject plaintiffs' assertions of error as they relate to the issue of whether plaintiff sustained a serious injury. Clearly, in the absence of evidence that any bone was broken, the fact that plaintiff suffered a deviated septum when her head struck the steering wheel did not support a finding that she sustained a fracture. Similarly, plaintiffs failed to competently establish that a fracture plaintiff sustained one month after the accident, when she twisted her ankle on an uneven area outside her house, was causally related to the events of November 30, 1990. We are of the further view that the evidence of soft-tissue injuries resulting in intermittent pain and a slight limitation of motion of plaintiff's back and neck by no means compelled a finding that plaintiff sustained a serious injury within any of the categories set forth in Insurance Law § 5102 (d) *(see, e.g., Baker v Donahue,* 199 AD2d 661; *Melino v Lauster,* 195 AD2d 653, *affd* 82 NY2d 828; *Lanuto v Constantine,* 192 AD2d 989, *lv denied* 82 NY2d 654). Under the circumstances, we conclude that Supreme Court did not err in refusing to direct a verdict in favor of plaintiffs, in refusing to charge the jury that plaintiff's deviated septum constituted a fracture and in refusing to submit the issue of plaintiff's ankle injury to the jury. Finally, the jury's verdict was by no means against the weight of the evidence *(see, Wierzbicki v Kristel,* 192 AD2d 906; *Nicastro v Park,* 113 AD2d 129, 134). Plaintiffs' remaining contentions have been considered and are either unnecessary for resolution or without merit.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the judgment is affirmed, with costs.