■ ALAN CATALAN, Appellant, v EMPIRE STORAGE WAREHOUSE INC. et al., Respondents. [623 NYS2d 311] —In a negligence action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Saladino, J.), dated August 25, 1992, which denied his motion, *inter alia,* for a new trial, and (2) a judgment of the same court dated September 1, 1993, which is in favor of the defendants and against him dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action *(see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment *(see,* CPLR 5501 [a] [1]).

After a trial on the issue of damages, the jury found that

the plaintiff had not suffered a serious injury within the meaning of Insurance Law § 5102 (d). At the trial, the plaintiff argued that a tear in the cartilage of his right knee was a fracture within the meaning of Insurance Law § 5102 (d). However, the trial court instructed the jury that "a fracture is a break of a bone or a part of a bone."

When it was originally enacted in 1973, the definition of serious injury included, in pertinent part, "personal injury * * * which results in * * * a compound or comminuted fracture" (L 1973, ch 13, § 1). However, in 1977, that definition was amended to delete the words "compound or comminuted" (L 1977, ch 892, § 8). The plaintiff contends that the purpose of the amendment was to broaden the definition of fracture. However, the legislative history of the amendment indicates that its purpose was to provide a more objective definition of serious injury and, thus, "to significantly reduce the number of automobile personal injury accident cases litigated in the courts" (Mem of State Executive Dept, 1977 McKinney's Session Laws of NY, at 2448; *Licari v Elliott,* 57 NY2d 230, 236; *Hezekiah v Williams,* 81 AD2d 261, 265). Expanding the definition of fracture to include a fracture of something other than a bone was not the intent of the Legislature. Accordingly, the trial court did not err by refusing to charge the jury that a fracture could be a break of cartilage as well as a break of bone *(see, Ives v Correll,* 211 AD2d 899; *Epstein v Butera,* 155 AD2d 513; PJI 2:88C [1995 Supp]).

We note that it was improper to cross-examine the plaintiff with respect to his personal bankruptcy in order to impeach his credibility *(see, People v Buggs,* 109 AD2d 1052; *People v Montlake,* 184 App Div 578). Further, it was error to question the plaintiff regarding his understanding of the medical diagnosis of his condition *(see, Shapiro v Levine,* 104 AD2d 800). However, under the circumstances of this case, we conclude that these errors could not have affected the verdict *(see,* CPLR 2002; *Costarelli v Gurino,* 170 AD2d 431).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Sullivan, Miller and Goldstein, JJ., concur.