■ ROBERTO G. CICILLINI, Appellant, v CITY OF NEW YORK et al., Defendants, and STEPHEN WILSON et al., Respondents. (And a Third-Party Action.) [789 NYS2d 891]—In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Queens County (Spires, J.), entered June 17, 2003, as, upon a jury verdict, is in favor of the defendants Stephen Wilson and Coppolinos Collision, Inc., and against him, dismissing the complaint.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]; Finucane v Negri, 301 AD2d 626 [2003]; Nicastro v Park, 113 AD2d 129, 134 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the jury, which had the opportunity to see and hear the witnesses (see Corcoran v People's Ambulette Serv., 237 AD2d 402 [1997]). On the evidence presented, the jury could have reached its verdict based on a fair interpretation of the evidence.

The plaintiff's remaining contention is without merit. Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.