■ Ves Pitts, Respondent, v Empire Electrical Contractors, Inc., et al., Appellants, and Manhattan Beer Distributors, Inc., et al., Respondents. [804 NYS2d 367]—

In an action to recover damages for personal injuries, the defendants Empire Electrical Contractors, Inc., and Isaac S. Stern appeal, as limited by their brief, from so much of (1) a judgment of the Supreme Court, Kings County (Schneier, J.), entered April 2, 2004, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $153,000, and (2) an amended judgment of the same court entered April 20, 2004, as is in favor of the plaintiff and against them in the principal sum of $180,600.

Ordered that the appeal from the judgment is dismissed, as the judgment was superseded by the amended judgment; and it is further,

Ordered that the amended judgment is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the defendants-respondents.

A van owned by the appellant Empire Electrical Contractors, Inc., and operated by the appellant Isaac S. Stern collided with a truck owned by the defendant Manhattan Beer Distributors, Inc., and operated by the defendant Fred Palmer. The plaintiff,

a pedestrian who was standing on the sidewalk at the time of the accident, alleged in his bill of particulars, upon information and belief, that "[o]ne or both of the vehicles, or something they struck, hit [him] sending him flying into the air . . . and then [onto] the pavement." After impact, Palmer moved the location of his truck before Police Officer Michael Menino responded to the accident scene.

The appellants contend that the Supreme Court committed reversible error by precluding Officer Menino from testifying at trial. We disagree. When asked for an offer of proof, the appellants' attorney indicated that he wished to examine Officer Menino with regard to the accident scene diagram he prepared in view of the conflicting testimony as to whether Palmer had begun to execute a left turn before impact. However, since the diagram was not based upon a post-accident analysis of observable physical facts (*see Quaglio v Tomaselli,* 99 AD2d 487, 488 [1984]), the Supreme Court properly precluded Officer Menino from offering testimony. Schmidt, J.P., Cozier, Rivera and Fisher, JJ., concur.