■ RALPH FILIPOWICH, Appellant, v SERGIO TAVANO et al., Respondents. [806 NYS2d 663]—

In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Kings County (Schneier, J.), entered July 15, 2004, which, upon a jury verdict, and upon an order of the same court dated January 9,

2004, denying his motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, is in favor of the defendants and against him, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

A jury verdict should not be set aside as against the weight of the evidence unless the verdict could not have been reached upon any fair interpretation of the evidence (*see Powell v Tuyn*, 306 AD2d 335 [2003]; *Aprea v Franco*, 292 AD2d 478 [2002]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the jury, which had the opportunity to see and hear the witnesses" (*Cicillini v City of New York*, 15 AD3d 522 [2005]; *see Corcoran v People's Ambulette Serv.*, 237 AD2d 402 [1997]).

In this case, the plaintiff, a pedestrian, was attempting to cross 86th Street in Brooklyn. There was ample evidence presented that, while eating a slice of pizza, the plaintiff suddenly and unexpectedly "jumped out" from between parked cars, and from behind an elevated subway structure support column, in front of an automobile operated by the defendant Sergio Tavano and owned by the defendant Ronald Neglia. Accordingly, the jury's verdict, finding that Tavano was not negligent, should not be disturbed. Adams, J.P., S. Miller, Ritter and Lifson, JJ., concur.