■ JOHN BURICH et al., Appellants, v PAUL POMERANTZ et al., Defendants, and ST. LUKES-CORNWALL HOSPITAL, Respondent. [836 NYS2d 892]—

In an action to recover damages for medical malpractice, etc., the plaintiffs appeal from a judgment of the Supreme Court, Orange County (Owen, J.), entered September 6, 2006, which, upon a jury verdict, is in favor of the defendant St. Lukes-Cornwall Hospital and against them, dismissing the complaint insofar as asserted against that defendant.

Ordered that the judgment is affirmed, with costs.

The plaintiffs contend that the Supreme Court committed reversible error in precluding a New York State Department of Health investigator from testifying at trial. We disagree.

When asked for an offer of proof, the plaintiffs' attorney indicated that he wished to examine the investigator with regard to the "findings" contained in the investigator's written report, the substance of which the attorney indicated was not known to him. However, since the investigator's report consisted of her inadmissible opinions and conclusions relevant to the ultimate issues of fact, the Supreme Court properly precluded the investigator's testimony (*see Pitts v Empire Elec. Contrs., Inc.*, 22 AD3d 734 [2005]; *Quaglio v Tomaselli*, 99 AD2d 487 [1984]). Additionally, the investigator's written report was properly excluded, as the unredacted exhibit offered by the plaintiffs' attorney contained inadmissible conclusions and opinions of the investigator, about which the investigator would not have been allowed to testify to as a witness at trial (*see Merritt v City of Long Beach*, 139 AD2d 574 [1988]; *Stevens v Kirby*, 86 AD2d 391 [1982]). Prudenti, P.J., Santucci, Covello and Carni, JJ., concur.