■ Christine Lenzini et al., Appellants, v Alan A. Kessler, M.D., et al., Respondents, et al., Defendant. [851 NYS2d 163]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered October 3, 2006, which denied plaintiffs' posttrial motion to set aside the jury verdict in favor of defendants, unanimously affirmed, without costs.

Although a scientific text is inadmissible as hearsay when offered for its truth or to establish a standard of care, it may be introduced to cross-examine an expert witness where it has been demonstrated that the work is the type of material commonly relied upon in the profession and has been deemed authoritative by such expert (*Hinlicky v Dreyfuss*, 6 NY3d 636 [2006]; *cf. Matter of Yazalin P.*, 256 AD2d 55 [1998]). In the subject medical malpractice trial, the court did not improvidently exercise its discretion in authorizing the use of certain material for impeachment purposes as against plaintiffs' expert witnesses. Plaintiffs' expert in radiology was, in that regard, questioned about a medical text he had brought to court, made notes thereon, and clearly deemed sufficiently authoritative notwithstanding that he may not have accepted everything contained in it. As for plaintiffs' expert in gynecology, he expressly recognized the reliability of the material about which he was cross-examined. Indeed, a physician may "not foreclose full cross-examination by the semantic trick of announcing that he did not find the work authoritative" where he has already relied upon the text and testified that "he agreed with much of it" (*Spiegel v Levy*, 201 AD2d 378, 379 [1994], *lv denied* 83 NY2d 758 [1994]). Moreover, the court delivered the appropriate limiting instructions.

A missing witness charge was properly delivered as to the patient's treating physicians, where plaintiffs failed to show those individuals were either unavailable or not under their control, and their testimony would be either cumulative or irrelevant (*see DeAngelis v New York Univ. Med. Ctr.*, 15 AD3d 185 [2005]). Also proper was the error-in-judgment charge, inasmuch as evidence was introduced at trial relating to the available treatment options, and the critical issue was whether

the patient's gynecologist had been negligent in electing to wait and observe her condition rather than undertaking immediate surgery. Concur—Tom, J.P., Saxe, Friedman and Buckley, JJ.