■ TANIKA JOHNSON, Appellant, v YUE YU CHEN et al., Respondents. [962 NYS2d 904]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (F. Rivera, J.), dated October 7, 2011, which denied her motion pursuant to CPLR 4404 to set aside a jury verdict in favor of the defendant on the issue of liability and for judgment as a matter of law or, in the alternative, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.

Ordered that the order is affirmed, with costs.

In evaluating the legal sufficiency of the evidence, we must determine whether there is any "valid line of reasoning and permissible inferences which could possibly lead [a] rational

[person] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Viewing the evidence in the light most favorable to the nonmoving party, as we must (*see Campbell v City of Elmira*, 84 NY2d 505, 509 [1994]), we find that a valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the jury herein.

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Lolik v Big V Supermarkets*, 86 NY2d 744, 745-746 [1995]; *Nicastro v Park*, 113 AD2d 129, 130 [1985]). Where the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Zito v City of New York*, 49 AD3d 872, 874 [2008]). In determining whether to set aside the verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility (*see Bonny v Pierre*, 91 AD3d 694 [2012]; *Miranco Contr., Inc. v Perel*, 57 AD3d 956 [2008]). Contrary to the plaintiff's assertion, the verdict in this case was supported by a fair interpretation of the evidence (*see Nicastro v Park*, 113 AD2d at 134). Dillon, J.P., Austin, Sgroi and Cohen, JJ., concur.