In an action, inter alia, to recover damages for legal malpractice, the plaintiff appeals from an order of the Supreme Court, Kings County (Spodek, J.), dated December 15, 2011, which denied his motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant and for a new trial.
Ordered that the order is affirmed, with costs.
The plaintiff, who served for a time as the trustee of a trust that had been established by his mother in Hawaii, the situs of the trust, commenced this legal malpractice action alleging that the defendant, among other things, failed to properly advise him regarding the proper and timely distribution of the trust assets. The plaintiff averred that as a result, he had been removed as the trustee of the trust and had incurred damages in the form of lost commissions and interest he was directed to pay to his brother due to an untimely distribution.
Following trial, the jury returned a unanimous verdict in favor of the defendant, concluding that he did not depart from the exercise of that degree of care, skill, and diligence com *782 monly possessed and exercised by a member of the legal community. Thereafter, the plaintiff moved pursuant to CPLR 4404 (a) to set aside the jury verdict as contrary to the weight of evidence or in the interest of justice, and for a new trial. The Supreme Court denied the plaintiffs motion.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744 [1995]; Cohen v Hallmark Cards, 45 NY2d 493 [1978]; Nicastro v Park, 113 AD2d 129 [1985]). “When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view” (Handwerker v Dominick L. Cervi, Inc., 57 AD3d 615, 616 [2008]; see Johnson v Yue Yu Chen, 104 AD3d 915, 915 [2013]; Liounis v New York City Tr. Auth., 92 AD3d 643, 644 [2012]). The jury’s determination of witness credibility is entitled to great deference, as it had the opportunity to see and hear the witnesses (see Salony v Mastellone, 72 AD3d 1060, 1061 [2010]; Filipowich v Tavano, 23 AD3d 519 [2005]).
Here, the evidence supports the jury’s finding that the defendant did not “depart[ ] from the exercise of that degree of care, skill, and diligence commonly possessed and exercised by a member of the legal community” (Edwards v Haas, Greenstein, Samson, Cohen & Gerstein, P.C., 17 AD3d 517, 519 [2005]). The jury properly credited evidence which established, among other things, that the defendant marshaled the trust assets, communicated with the attorneys representing the plaintiff’s brother in an attempt to settle the brothers’ dispute over the trust, advised the plaintiff to retain local counsel in Hawaii, and successfully sought to adjourn the proceedings several times to give the plaintiff sufficient opportunity to retain local counsel. The plaintiff admitted that he made no attempt to retain local counsel to oppose his brother’s petition to remove him as sole trustee. In addition, it is undisputed that when the plaintiff retained the defendant in April 2000, the plaintiff had already breached the terms of the trust which required him to distribute $158,000 to his brother within six months of their mother’s death, and that prior to retaining the defendant, the plaintiff, as the sole trustee, had not taken any steps to administer the trust. Thus, the jury properly concluded that the plaintiff’s inaction as sole trustee led to the untimely distributions, as well as his removal as sole trustee, and that the defendant did not depart from the exercise of that degree of care, skill, and diligence commonly possessed and exercised by a member of the *783 legal community in attempting to resolve the brothers’ dispute and administer the trust. Accordingly, contrary to the plaintiffs contention, the verdict was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d at 746).
Additionally, under the circumstances, the trial court providently exercised its discretion in precluding the plaintiff from presenting the testimony of his brother’s former attorney (see generally Gurgenidze v Vitale, 44 AD3d 900 [2007]; Burich v Pomerantz, 41 AD3d 632 [2007]).
The plaintiffs remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the plaintiffs motion pursuant to CPLR 4404 (a) to set aside the jury verdict and for a new trial. Eng, PJ., Balkin, Roman and Miller, JJ., concur.