# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1139**

**KA 13-00264**

PRESENT: CENTRA, J.P., FAHEY, SCONIERS, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

JERAD STALKER, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (NICHOLAS P. DIFONZO OF COUNSEL), FOR DEFENDANT-APPELLANT.

JOSEPH V. CARDONE, DISTRICT ATTORNEY, ALBION (KATHERINE BOGAN OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Orleans County Court (James P. Punch, J.), rendered January 14, 2013.  The judgment convicted defendant, upon a jury verdict, of burglary in the second degree and petit larceny (two counts).

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum:  On appeal from a judgment convicting him upon a jury verdict of, inter alia, burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that he was deprived of a fair trial by the improper admission of rebuttal testimony and the failure of County Court to give the jury a limiting instruction with respect to the use of such testimony.  The rebuttal testimony concerned a statement made by defendant to a State Trooper regarding property stolen during the burglary.  We note at the outset that, by failing to seek a ruling with respect to the statement at issue or to object to its admission at trial, defendant abandoned any contention that the statement should have been suppressed (*see People v Adams*, 90 AD3d 1508, 1509, *lv denied* 18 NY3d 954; *People v Nix*, 78 AD3d 1698, 1699, *lv denied* 16 NY3d 799, *cert denied* ___ US ___, 132 S Ct 157).  Defendant failed to preserve for our review his further contentions that the statement was improperly admitted in evidence as an admission (*see generally People v Broadus*, 8 AD3d 398, 398, *lv denied* 3 NY3d 657), and that the court erred in failing to give a limiting instruction with respect to its use (*see* CPL 470.05 [2]; *People v Portis*, 141 AD2d 773, 773-774, *lv denied* 72 NY2d 913).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  In addition, we conclude that defendant was not denied effective assistance of counsel based upon defense counsel's failure to move to suppress the statement to the Trooper (*see People v De Mauro*, 48 NY2d

892, 893-894), or to request a limiting instruction with respect to that statement (*see People v VanDemps*, 118 AD3d 1146, 1148, *lv denied* 23 NY3d 1061).

Defendant also failed to preserve for our review his contentions that the evidence is not legally sufficient to support the conviction (*see People v Gray*, 86 NY2d 10, 19), and that he was deprived of a fair trial by the prosecutor's allegedly improper remarks during summation (*see People v James*, 114 AD3d 1202, 1206-1207, *lv denied* 22 NY3d 1199).  We decline to exercise our power to review those contentions as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).  Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).  We further conclude that the court's *Sandoval* ruling did not constitute an abuse of discretion (*see People v Stevens*, 109 AD3d 1204, 1205, *lv denied* 23 NY3d 1043).  Finally, the sentence is not unduly harsh or severe.

Entered:  November 14, 2014                     Frances E. Cafarell
                                                Clerk of the Court