■ ELENA KEARNEY, Individually and as Administrator of the Estate of OVIOL PLASENCIA, Deceased, Appellant, v MARK PAPISH, M.D., et al., Respondents. [24 NYS3d 708]—

In an action to recover damages for medical malpractice, etc., the plaintiff appeals from a judgment of the Supreme Court, Queens County (Hart, J.), entered April 9, 2013, which, upon a jury verdict in favor of the defendants on the issue of liability, and upon the denial of her oral motion pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and for a new trial, is in favor of the defendants and against her, in effect, dismissing the complaint.

Ordered that the judgment is affirmed, with costs.

Contrary to the plaintiff's contention, the trial court did not err in permitting the use of a publication from the American College of Emergency Physicians to be used during cross-examination of the plaintiff's expert physician. On cross-examination, an expert witness may be confronted with scientific works or publications for impeachment purposes where the material has been deemed authoritative by such expert (*see People v Feldman*, 299 NY 153, 168 [1949]; *Lipschitz v Stein*, 10 AD3d 634, 635 [2004]; *Labate v Plotkin*, 195 AD2d 444, 445 [1993]; *Mark v Colgate Univ.*, 53 AD2d 884, 886 [1976]). Here, the plaintiff's expert testified that he had relied on the subject publication in rendering his opinion in this case. He described it as "excellent, well put together, useful clinical guidelines," and he found it "[u]seful[,] clinically relevant, [and] well thought out, well researched." Despite his reliance on the publication and general praise for it, the expert witness refused to acknowledge that the publication was "authoritative" because he had "some issues with the word 'authoritative'" and did not "think that anything that a human being does is authoritative." A physician may "not foreclose full cross-examination by the semantic trick of announcing that he did not find the work authoritative" where he has already relied upon the text and testified in substance that he finds it reliable and trustworthy (*Spiegel v Levy*, 201 AD2d 378, 379 [1994]; *see Wolf v Persaud*, 130 AD3d 1523, 1525 [2015]; *Lenzini v Kessler*, 48 AD3d 220 [2008]; *cf. Knutson v Sand*, 282 AD2d 42, 46 [2001]).

A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets*,

86 NY2d 744, 746 [1995]; *DiMarco v Custom C.A.S., Inc.*, 106 AD3d 684, 685 [2013]). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (*see Cinao v Reers*, 109 AD3d 781, 782 [2013]; *Johnson v Yue Yu Chen*, 104 AD3d 915, 915 [2013]; *Liounis v New York City Tr. Auth.*, 92 AD3d 643, 644 [2012]; *Handwerker v Dominick L. Cervi, Inc.*, 57 AD3d 615, 616 [2008]). A jury's finding that there was negligence, but that such negligence was not a proximate cause of the injury is inconsistent and, therefore, against the weight of the evidence "only when the issues are 'so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause' " (*Schaefer v Guddemi*, 182 AD2d 808, 809 [1992], quoting *Rubin v Pecoraro*, 141 AD2d 525, 527 [1988]; *see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *Parris v Perry*, 38 AD3d 738, 739 [2007]; *Garrett v Manaser*, 8 AD3d 616, 617 [2004]; *Misa v Filancia*, 2 AD3d 810, 811 [2003]). Contrary to the plaintiff's contention, the jury's verdict was not inconsistent and, therefore, not against the weight of the evidence. Leventhal, J.P., Chambers, Cohen and Hinds-Radix, JJ., concur.