■ LILLYAN ROSENBERG et al., Respondents, v JING JIANG et al., Appellants. [60 NYS3d 300]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (O'Donoghue, J.), entered March 14, 2016,

which, upon a jury verdict on the issue of damages, is in favor of the plaintiffs and against them in the principal sum of $200,000.

Ordered that the judgment is affirmed, with costs.

The plaintiff Lillyan Rosenberg (hereinafter the injured plaintiff), then 87 years old, received acupuncture treatment for groin pain from the defendant Jing Jiang. During her third and final acupuncture treatment, Jing Jiang used heat lamp treatment, which allegedly caused the injured plaintiff to suffer third degree burns and permanent scarring. The injured plaintiff, and her husband suing derivatively, commenced this action to recover damages for personal injuries.

The defendants conceded liability, and the parties proceeded to a jury trial on the issue of damages. During trial, the defendants objected to certain questioning of the injured plaintiff by her counsel as leading. The defendants also objected when the trial court permitted the plaintiffs' counsel to elicit testimony from a nontreating physician, who was called to testify as an expert regarding medical history given by the injured plaintiff to that witness. The jury returned a verdict in favor of the plaintiffs, and judgment was entered in favor of the plaintiffs and against the defendants in the principal sum of $200,000. The defendants appeal from the judgment.

Under CPLR 4011, the trial court has the authority to "regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue" (CPLR 4011). A "trial court is granted wide latitude in controlling the conduct of a trial" (*Roma v Blaustein*, 44 AD2d 576, 576 [1974]), and "is generally accorded broad discretion in making evidentiary rulings" (*Matter of State of New York v John S.*, 23 NY3d 326, 344 [2014]; *see Feldsberg v Nitschke*, 49 NY2d 636, 643 [1980]; *Coopersmith v Gold*, 223 AD2d 572, 574 [1996], *affd* 89 NY2d 957 [1997]). Furthermore, CPLR 2002 provides that "[a]n error in a ruling of the court shall be disregarded if a substantial right of a party is not prejudiced" (CPLR 2002).

Here, any error in the admission of testimony was harmless, as we are satisfied that the result would have been the same if the testimony at issue had not been admitted (*see* CPLR 2002; *Barracato v Camp Bauman Buses*, 217 AD2d 677, 678 [1995]; *Catalan v Empire Stor. Warehouse*, 213 AD2d 366 [1995]). Mastro, J.P., Hall, Cohen and Iannacci, JJ., concur.