Sela v Katz (2018 NY Slip Op 07166)





Sela v Katz


2018 NY Slip Op 07166


Decided on October 24, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 24, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

JOHN M. LEVENTHAL, J.P.
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2016-01822
2016-01824
 (Index No. 518/00)

[*1]Lisa Sela, et al., appellants, 
v
Lawrence Katz, etc., respondent.


The Law Firm of Ravi Batra, P.C., New York, NY (Todd B. Sherman of counsel), for appellant.
Rende, Ryan & Downes, LLP, White Plains, NY (Ronald T. Koke and Frank Carollo of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for medical malpractice and lack of informed consent, the plaintiffs appeal from (1) a judgment of the Supreme Court, Rockland County (Gerald E. Loehr, J.), entered August 20, 2015, and (2) an order of the same court entered December 22, 2015. The judgment, upon a jury verdict on the issue of liability, is in favor of the defendant and against the plaintiffs dismissing the complaint. The order denied the plaintiffs' motion, in effect, pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
ORDERED that the judgment is affirmed; and it is further,
ORDERED that the order is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendant.
The injured plaintiff, and her husband suing derivatively, commenced this action alleging that the defendant improperly performed an unnecessary diagnostic arthroscopy surgery on the injured plaintiff's right knee, without her informed consent. The plaintiffs alleged that, as a result of the defendant's tortious conduct, the injured plaintiff suffered, inter alia, neurovascular injuries.
At the jury trial, the plaintiffs and the defendant each presented significant evidence supporting their conflicting positions. Both the plaintiffs and the defendant supported their theories of the case with expert opinions from board-certified orthopedic surgeons and neurologists. The jury returned a verdict finding that, although the defendant deviated from the standard of care in his pre-surgery examination of the injured plaintiff, this deviation was not a proximate cause of the injured plaintiff's alleged injuries. The jury further found that the defendant did not commit any other departure from the standard of care in his treatment of the injured plaintiff, and that the defendant obtained the injured plaintiff's informed consent before the surgery. A judgment was entered upon the jury's verdict. The plaintiffs subsequently moved, in effect, pursuant to CPLR 4404(a) to set [*2]aside the jury's verdict and for a new trial, arguing that the verdict was inconsistent and contrary to the weight of the evidence, and that several of the Supreme Court's rulings during trial were erroneous. The court denied the motion. The plaintiffs appeal from the judgment and the order.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Grassi v Ulrich, 87 NY2d 954, 956; Lolik v Big V Supermarkets, 86 NY2d 744, 746). When a verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view (see Cinao v Reers, 109 AD3d 781, 782; Johnson v Yue Yu Chen, 104 AD3d 915, 915; Liounis v New York City Tr. Auth., 92 AD3d 643, 644). A jury's finding that there was negligence, but that such negligence was not a proximate cause of the injury is inconsistent and, therefore, contrary to the weight of the evidence "only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause'" (Kearney v Papish, 136 AD3d 690, 691, quoting Schaefer v Guddemi, 182 AD2d 808, 809; see Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588; Parris v Perry, 38 AD3d 738, 739; Garrett v Manaser, 8 AD3d 616, 617). Contrary to the plaintiffs' contention, the jury's verdict was not inconsistent, nor was it contrary to the weight of the evidence.
The plaintiffs' contentions regarding the Supreme Court's rulings at trial are either unpreserved for appellate review, without merit, or constitute harmless error (see CPLR 2002; Rosenberg v Jing Jiang, 153 AD3d 744, 745).
LEVENTHAL, J.P., BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court