Bongiovanni v Eckhardt (2019 NY Slip Op 07761)





Bongiovanni v Eckhardt


2019 NY Slip Op 07761


Decided on October 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2018-05058
 (Index No. 2743/12)

[*1]Diane Bongiovanni, appellant, et al., plaintiff,
v
Margaret Eckhardt, respondent.


Gruenberg Kelly Della, Ronkonkoma, NY (Zachary M. Beriloff of counsel), for appellant.
Saretsky Katz & Dranoff, LLP, New York, NY (Eric Dranoff of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff Diane Bongiovanni appeals from a judgment of the Supreme Court, Suffolk County (Joseph C. Pastoressa, J.), entered October 6, 2017. The judgment, upon a jury verdict in favor of the defendant on the issue of liability, and upon the denial of her motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence, is in favor of the defendant and against her, in effect, dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff Diane Bongiovanni (hereinafter the plaintiff) allegedly was injured when, as a tenant on the defendant's premises, she slipped and fell on paver stones on an outdoor walkway to a laundry room located on the defendant's property. At trial, the plaintiff testified that she knew of the unstable condition of the paver stones, and further, that there was a shorter, alternate route that she could have utilized to access the laundry room, but that she chose not to use that route on the day of the alleged accident. The defendant testified that when she visited the premises to inspect the subject area prior to the plaintiff's accident, she notified the plaintiff of a repair schedule for the subject area, and she instructed the plaintiff to stay away from the area until it was repaired.
In returning a verdict in favor of the defendant, the jury found that the defendant had been negligent, but that such negligence was not a substantial factor in causing the alleged accident. Thereafter, the plaintiff moved pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of the evidence. The Supreme Court denied the motion, and subsequently entered a judgment in favor of the defendant, in effect, dismissing the complaint. The plaintiff appeals.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the evidence so preponderates in favor of the losing party, that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746; Albano v K.R. & S, Auto Repair, Inc., 123 AD3d 748, 749; Siddiqua v Anarella, 120 AD3d 793, 794; Agui v Fernandez, 113 AD3d 645). Further, "[a] jury finding that a party was negligent but that the negligence was not a proximate cause of the accident is inconsistent and contrary to the weight of the evidence when the issues are so inextricably interwoven as to make it logically impossible to [*2]find negligence without also finding proximate cause" (McKenzie v Southside Hosp., 163 AD3d 952, 953; see Gibson v Singh Towing, Inc., 155 AD3d 614, 616; Mancini v Metropolitan Suburban Bus Auth., 150 AD3d 979, 980; Kearney v Papish, 136 AD3d 690, 691).
Here, the jury could reasonably have found that while the defendant was negligent in allowing the condition to remain, such negligence was not a substantial factor in causing the alleged accident. "In determining whether to set aside a verdict as contrary to the weight of the evidence, deference must be accorded to the jury's assessment of the witnesses' credibility" (McKenzie v Southside Hosp., 163 AD3d at 953; see Johnson v Yue Yu Chen, 104 AD3d 915, 916; Zere Real Estate Servs., Inc. v Adamag Realty Corp., 60 AD3d 758, 759). The jury here evidently did not credit the plaintiff's account of the alleged accident, and there is no basis to disturb the jury's determination.
Where, as here, "there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view" (McKenzie v Southside Hosp., 163 AD3d at 954; see Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768, 768-769; Henry v Town of Hempstead, 119 AD3d 649, 650; Bonomo v City of New York, 78 AD3d 1094, 1095).
Accordingly, we agree with the Supreme Court's determination denying the plaintiff's motion pursuant to CPLR 4404(a) to set aside the verdict as contrary to the weight of evidence.
RIVERA, J.P., AUSTIN, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court