Encarnacion v St. Barnabas Hosp.
2026 NY Slip Op 03630
June 9, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Juana Encarnacion, Plaintiff-Respondent,
v
St. Barnabas Hospital, Defendant-Appellant.

Decided and Entered: June 09, 2026
Index No. 302564/16|Appeal No. 6822-6823|Case No. 2023-05485, 2025-00687|
Before: Moulton, J.P., Friedman, Pitt-Burke, Rosado, Michael, JJ.

Schiavetti, Corgan, DiEdwards, Weinberg & Nicholson, LLP, White Plains (Samantha E. Quinn of counsel), for appellant.
Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for respondent.

[*1]
Order, Supreme Court, Bronx County (Adrian Armstrong, J.), entered June 9, 2023, which, following a jury verdict and award in plaintiff's favor, insofar as appealed as limited by the briefs, denied defendant's motion for a judgment notwithstanding the verdict, or alternatively, setting aside the jury verdict and directing a new trial; alternatively, reducing the jury's verdict as excessive and directing a new trial on damages, unless plaintiff stipulated to a reduction of the jury's award; and ordering a collateral source hearing, unanimously reversed, on the law, without costs, the motion granted insofar as it sought to set aside the verdict and direct a new trial, and the matter remitted to the trial court for further proceedings consistent with this decision. Appeal from order, Supreme Court, Bronx County (Ashlee Crawford, J.), entered January 3, 2025, which denied defendant's motion to renew its prior motion, unanimously dismissed, without costs, as academic.
Plaintiff alleges that she was injured when she was walking on the sidewalk adjacent to defendant's property when her foot became trapped in a hole, causing her to fall. At trial, plaintiff alleged that because of the accident, she suffered a cervical herniation that caused radiculopathy and required surgery. She further alleged that injuries to her knee and her lumbar spine would require future surgery.
The trial court should have given the jury a missing witness charge with regard to Dr. Jason Gallina, plaintiff's treating physician and surgeon from the period beginning months after the accident until at least a year afterward. Dr. Gallina was the orthopedic surgeon who performed plaintiff's cervical fusion surgery, and he was the doctor who allegedly recommended the lumbar surgery that plaintiff contended she would need in the future.
The law is well settled that a missing witness charge is warranted for the failure to call a treating physician as a witness at trial, unless the party opposing the inference shows that the witness is either unavailable or not under the party's control, or that the witness's testimony would be cumulative (Dayanium v Unis, 171 AD2d 579, 580 [1st Dept 1991]; see Dukes v Rotem, 191 AD2d 35, 39 [1st Dept 1993], appeal dismissed 82 NY2d 886 [1993]). Plaintiff did not call Dr. Gallina as a witness, nor did she produce any of the physicians who treated her after the fall and were involved in her surgery. Rather, she proffered only the testimony of Dr. Ali Guy, a physiatrist who saw plaintiff on only a few occasions, soon after the parties received a trial date and more than six years after she was injured. In addition, Dr. Guy did not see plaintiff until after the cervical fusion was performed.
[*2]
Although the burden was on plaintiff to show that Dr. Gallina was unavailable or not under her control, she made no such showing (see Lenzini v Kessler, 48 AD3d 220, 220 [1st Dept 2008]; Grun v Sportsman, Inc., 58 AD2d 802, 802-803 [2d Dept 1977]). Further, contrary to plaintiff's contention, the testimony from Dr. Gallina would not have been cumulative. Dr. Guy is a physiatrist, while Dr. Gallina is the orthopedic surgeon who performed plaintiff's surgery. Moreover, a key issue in this action was whether plaintiff had a herniated cervical disc or a degenerative spinal condition. Plaintiff asserted through Dr. Guy's testimony that Dr. Gallina saw the herniated disc during surgery. If Dr. Gallina did, in fact, see the herniated disc, it is to be expected that he would testify to his observation. Dr. Guy was also permitted, over objection, to read a letter from Dr. Gallina in which Dr. Gallina opined that plaintiff's injuries were causally related to the slip-and-fall. Plaintiff thus improperly secured the hearsay testimony of Dr. Gallina without calling him as a witness. Under the circumstances presented, failure to give a missing witness charge was error.
Our determination renders academic defendant's remaining arguments concerning plaintiff's other treating physicians and radiologists; those issues will be within the purview of the trial court on remittal (see Arita v F.D.S. Assocs., LLC, 247 AD3d 401, 401 [1st Dept 2026]).
In light of our determination, we need not consider defendant's further remaining arguments.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 9, 2026