■ RAYMOND ROCKLIN et al., Appellants, v BRETT BEIGERT, Respondent. [639 NYS2d 417] —In a negligence action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Westchester County (Lefkowitz, J.), entered September 13, 1994, which, upon a jury verdict in favor of the defendant and against them, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On November 21, 1991, at dusk on a rainy and foggy day, the plaintiff Raymond Rocklin was walking across Route 9A in Montrose, New York. Raymond Rocklin was wearing dark clothing and was not walking in a crosswalk or at an intersection. He crossed to the center of Route 9A and stopped in the safety zone to check for cars in the southbound lane. Viewing the defendant's car over 200 feet away, Raymond Rocklin determined it was safe and proceeded "leisurely" across the southbound lane.

The defendant Brett Beigert testified that, because of the weather, he was driving his car at 25 miles per hour in a 35 miles per hour zone. Beigert saw something move 20 to 25 feet in front of him and stepped on his brakes. Beigert's car struck Raymond Rocklin.

The jury found that Beigert was not negligent. On appeal, the plaintiffs contend that the verdict was against the weight of the evidence. We disagree.

The respective negligence of the parties is a factual question for the jury (*see, Perla v New York Daily News,* 123 AD2d 349). A jury verdict should only be set aside as against the weight of the evidence if the verdict could not have been reached on any fair interpretation of the evidence (*see, Finkel v Benoit,* 211 AD2d 749; *Nicastro v Park,* 113 AD2d 129, 133). Upon review of the record, we conclude that the verdict finding that Beigert was not negligent was based upon a fair interpretation of the evidence.

We further find that it was proper for the court to instruct the jury on the principle of assumption of risk (*see, Maddox v City of New York,* 66 NY2d 270; *Arbegast v Board of Educ.,* 65 NY2d 161) and that the language used was entirely proper (*see,* PJI 2:55).

The plaintiffs' remaining contentions are either unpreserved

for appellate review or without merit. Balletta, J. P., Ritter, Altman and Hart, JJ., concur.