OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be reversed, with costs, and the matter remitted to that Court for further proceedings in accordance with this memorandum.
 

 Plaintiff Paul Grassi commenced this personal injury action against defendants for injuries to his neck, left arm and left hand allegedly sustained after the car driven by defendant Kurt Ulrich collided with plaintiff’s vehicle. Defendants stipulated that Ulrich’s negligence caused the accident, but presented expert proof to establish that plaintiff’s injuries were the result of a preexisting degenerative condition and not the
 
 *956
 
 accident, as plaintiff’s experts opined. The jury returned a verdict in defendants’ favor, and the trial court denied plaintiff’s motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence.
 

 The Appellate Division erred in curtailing its review of the denial of that motion after simply finding record evidence to support the jury’s verdict
 
 (see, Lolik v Big V Supermarket,
 
 86 NY2d 744). Having found sufficient evidence to support the verdict, the Court was then required to consider the conflicting medical evidence presented by plaintiff and determine "whether ' "the evidence so preponderate^] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence” ’ ”
 
 (id.,
 
 at 746, quoting
 
 Moffatt v Moffatt,
 
 86 AD2d 864,
 
 affd
 
 62 NY2d 875).
 

 Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in memorandum.
 

 On review of submissions pursuant to section 500.4 of the Rules of the Court of Appeals (22 NYCRR 500.4), order reversed, etc.