■ FRANKLIN LINKER et al., Appellants, v SEARS ROEBUCK & Co., Respondent. [648 NYS2d 1002] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Queens County (Dye, J.), entered August 9, 1995, which, upon a jury verdict, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

Inasmuch as the plaintiffs failed to show that the accidents referred to in the trial transcript in an unrelated case were substantially similar to the injured plaintiff's accident, the trial court did not commit reversible error in excluding a portion of that trial transcript from evidence *(see, e.g., Sawyer v Dreis & Krump Mfg. Co.,* 67 NY2d 328; *Vega v Jacobs,* 84 AD2d 813).

Furthermore, the scope of cross-examination and the determination of the evidence which may be introduced for impeachment purposes lies within the sound discretion of the trial court and its ruling will not be disturbed unless there was an improvident exercise of discretion *(see, e.g., Murphy v Estate of Vece,* 173 AD2d 445). The record indicates that the trial court properly exercised its discretion. Rosenblatt, J. P., O'Brien, Sullivan and McGinity, JJ., concur.