■ EDWARD BOBEK, Also Known as EDWARD BOBECK, Respondent, v ALLAN CRYSTAL, Appellant, et al., Defendants. [739 NYS2d 396] —In an action, inter alia, to recover damages for medical malpractice, the defendant Allan Crystal appeals, as limited by his brief, from so much of (1) an order of the Supreme Court, Kings County (Bernstein, J.), dated November 8, 2000, as granted those branches of the plaintiff's motion pursuant to CPLR 4404 which were to set aside a jury verdict in his favor as against the weight of the evidence and for a new trial on the issues of liability and damages as to the medical malpractice cause of action, and (2) an order of the same court dated May 23, 2001, as granted those branches of the plaintiff's motion which were to resettle the order dated November 8, 2000, by, among other things, directing a verdict in favor of the plaintiff on the issue of liability on the informed consent and breach of contract causes of action and directing a trial on the issue of damages for those two causes of action.

Ordered that the appeal from the order dated November 8, 2000, is dismissed, as that order was superseded by the order dated May 23, 2001, made upon resettlement; and it is further,

Ordered that the order dated May 23, 2001, is reversed, on the law, the order dated November 8, 2000, is vacated, the plaintiff's motions are denied, the verdict in favor of the appellant on all issues is reinstated, and the matter is remitted to the Supreme Court, Kings County, for the entry of an appropriate judgment; and it is further,

Ordered that the appellant is awarded one bill of costs.

This case, originally sounding in medical malpractice and lack of informed consent, involved the propriety of a December 1990 tendon-repair surgery performed on the plaintiff's right foot by the defendant Dr. Allan Crystal (hereinafter the appellant). The plaintiff claimed that he never gave his consent to the tendon repair procedure, and that the appellant negligently performed the tendon repair. The plaintiff claimed that as a result of the appellant's negligence, his foot problem became much worse, necessitating further surgery. During the trial, the Supreme Court, sua sponte, added a cause of action alleging breach of contract. The jury rendered a verdict totally absolving the appellant, rejecting every claimed medical departure, the lack of informed consent cause of action, and even the newly-created breach of contract cause of action, never reaching the issue of causation. Subsequently, the trial court granted those branches of the plaintiff's motion pursuant to CPLR 4404 which were to set aside the jury verdict in favor of the appellant, for a new trial on the issues of liability and damages for the medical malpractice cause of action, and, upon resettlement, directed a verdict in favor of the plaintiff on the issue of liability on the lack of informed consent and breach of contract causes of action, and directed a new trial as to damages for those claims. We reverse.

Although a trial court possesses broad discretion to grant a new trial where the verdict is against the weight of the evidence (*see, Salazar v Fisher,* 147 AD2d 470, 471), the court is not free to interfere with the verdict simply because it views it as unsatisfactory, is in disagreement with it, or simply wishes to substitute its own determination for that of the jury (*see generally, Nicastro v Park,* 113 AD2d 129, 133). The guiding standard is that a jury verdict should remain undisturbed unless the evidence so preponderates in favor of the moving party that the jury could not have reached the verdict on any fair interpretation of the evidence (*see, Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Grossman v Town of Hempstead,* 278 AD2d 366, 367; *Schiskie v Fernan,* 277 AD2d 441; *Nicastro v Park, supra* at 134). Moreover, it is well settled that a jury's resolution of conflicting expert testimony is entitled to great weight, since it is the jury that had the opportunity to observe and hear the experts (*see, McElroy v Yousuf,* 268 AD2d 733, 736; *Ibrahim v Lombardo,* 229 AD2d 423, 424).

Applying these principles to the instant case, we cannot say that the evidence so preponderated in favor of the plaintiff that the jury could not have reached a verdict in favor of the appel-

lant on any fair interpretation of the evidence. This case presented a classic conflict between expert testimony that the jury resolved in favor of the appellant. There is no basis in the record to disturb the jury's resolution of the credibility issues in favor of the appellant or his expert, or to disturb its findings that there were no departures by the appellant. As the jury was properly instructed, mere proof of an unfavorable result, without more, will not establish the liability of a physician (*see, Nabozny v Cappelletti,* 267 AD2d 623, 628). Thus, the trial court erred in setting aside the jury verdict and ordering a new trial on liability and damages as to the medical malpractice cause of action.

For similar reasons, the jury's rejection of the informed consent cause of action should have been left undisturbed, and the trial court therefore erred in directing a verdict in favor of the plaintiff on that issue. We find that the evidence, when viewed in a light most favorable to the appellant, and giving him the benefit of every reasonable inference, provided a "valid line of reasoning and permissible inferences which could possibly lead rational [persons] to the conclusion reached by the jury" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499; *see, Levin v Carbone,* 277 AD2d 951). Any conflict between the testimony of the witnesses and the weight to be accorded the evidence, including the documentary evidence, was for the jury to resolve (*see, Kalpakis v County of Nassau,* 289 AD2d 453; *Gray v McParland,* 255 AD2d 359, 360). The testimony of the appellant and his expert was sufficient to support the jury's verdict that the appellant obtained the plaintiff's informed consent to the surgery.

Finally, the trial court erred in creating a cause of action for breach of contract, and then directing a verdict in favor of the plaintiff on that cause of action (*see, Holton v Sprain Brook Manor Nursing Home,* 253 AD2d 852; *Monroe v Long Is. Coll. Hosp.,* 84 AD2d 576). S. Miller, J.P., Luciano, Schmidt and Crane, JJ., concur.