(March 25, 2002)

■ ANDREW ASARO, Appellant, v JOHN MICALI et al., Respondents. [739 NYS2d 591] —In an action to recover damages

for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Steinhardt, J.), dated November 13, 2000, which denied his motion, in effect, pursuant to CPLR 4404, to set aside a jury verdict in favor of the defendants and against him on the issue of liability.

Ordered that the order is affirmed, with costs.

A jury verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744; *Lenhart v City of New York,* 249 AD2d 516). Here, contrary to the plaintiff's contention, the jury determination that the defendant Joseph Micali (hereinafter the defendant) did not violate Vehicle and Traffic Law § 1146 was based upon a fair interpretation of the evidence, and thus, should not be disturbed (*see Farrell v Lewarn,* 275 AD2d 760).

Since the defendant failed to comply with CPLR 3116 (a), the Supreme Court incorrectly ruled that he would be allowed to use a corrected deposition transcript of his testimony in the event that the plaintiff used his original deposition testimony on cross-examination. However, any error in this regard was harmless. The plaintiff read the uncorrected deposition testimony to the jury, and the jury was never made aware of the corrected deposition testimony. The plaintiff's counsel was clearly able to adjust his trial strategy to account for this (*cf. Cole v Mandell Food Stores,* 93 NY2d 34; *Roseboro v New York City Tr. Auth.,* 286 AD2d 222; *see Andoh v Milano,* 271 AD2d 358). Santucci, J.P., Altman, Florio and Feuerstein, JJ., concur.