■ ETHEL SPENCER et al., Respondents, v CITY OF NEW YORK, Appellant. [752 NYS2d 688] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Kings County (G. Aronin, J.), dated July 23, 2001, which granted the plaintiffs' motion pursuant to CPLR 4404 (a) to set aside a jury verdict in its favor as against the weight of the evidence, and granted a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

While on premises owned by the defendant, the injured plaintiff sat in a chair, which allegedly broke and caused her to fall and sustain injuries. The jury returned a verdict finding that the defendant was not negligent. The Supreme Court set aside the verdict and granted a new trial. The defendant appeals.

"[A] jury verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Asaro v Micali,* 292 AD2d 552; *see Grassi v Ulrich,* 87 NY2d 954, 955-956; *Lolik v Big V Supermarkets,* 86 NY2d 744, 746; *Bobek v Crystal,* 291 AD2d 521).

We find that the verdict should not have been set aside. The injured plaintiff, who was the only witness to the accident, offered testimony that was internally inconsistent and conflicted with other evidence elicited at trial. There were also inconsistencies in the testimony of the plaintiffs' nonparty witnesses. Such inconsistencies raised credibility issues for the jury to resolve (*see Lee v City Brewing Corp.,* 279 NY 380, 384; *Bobek v Crystal, supra; Fafard v Ajamian,* 60 AD2d 853). Under these circumstances, a fair interpretation of the evidence supports the conclusion that the plaintiffs failed to meet their burden of showing that the defendant was negligent (*see Accetta v City of New York,* 287 AD2d 527; *Nicastro v Park,* 113 AD2d 129, 134). Accordingly, the Supreme Court improvidently exercised its discretion in setting aside the verdict finding that the defendant was not negligent and granting a new trial (*see Bobek v Crystal, supra; Accetta v City of New York, supra; Tarantino v Vanguard Leasing Co.,* 187 AD2d 422; *Salazar v Fisher,* 147 AD2d 470).

The parties remaining contentions are either unpreserved for appellate review or without merit. Krausman, J.P., McGinity, Schmidt and Mastro, JJ., concur.