■ JOSEPH MARGIOTTA, Respondent, v ROCK & ROLL LIVERY, LTD., et al., Appellants. [755 NYS2d 286] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Nassau County (Burke, J.), entered November 13, 2001, which granted the plaintiff's oral application pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendants as against the weight of the credible evidence, and granted a new trial.

Ordered that on the Court's own motion, the appellant's notice of appeal is treated as an application for leave to appeal, and leave to appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is reversed, on the law, with costs, the plaintiff's application is denied, and the verdict is reinstated.

On July 16, 1994, at about 4:00 to 4:30 A.M., the plaintiff was riding his bicycle home from a friend's house. Lighting on the road was dim, the plaintiff's bicycle did not have lights, and he was riding in the middle of the road. As he proceeded through an intersection which was controlled by a traffic light, a collision occurred between his bicycle and a vehicle owned by the defendant Rock & Roll Livery, Ltd., and operated by the defendant Roni Vasquez. According to the plaintiff's trial testimony,

as he approached the intersection he observed the light turn green in his favor. He also testified that the defendants' vehicle did not have its headlights on. Although the plaintiff was the only witness to testify at trial regarding the happening of the accident, other evidence was presented which contradicted his version of the accident. The jury returned a verdict finding that the plaintiff did not prove by a fair preponderance of the credible evidence that Vasquez was negligent in the operation of his vehicle. The trial court, however, granted the plaintiff's oral application to set aside the verdict as against the weight of the credible evidence. On appeal by the defendants, we reverse.

It is well settled that "[a] jury verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Asaro v Micali,* 292 AD2d 552, 553 [2002]; *see Grassi v Ulrich,* 87 NY2d 954, 955-956 [1996]; *Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Bobek v Crystal,* 291 AD2d 521 [2002]). In the instant case, the Supreme Court improvidently exercised its discretion in setting aside the verdict and ordering a new trial. Although the plaintiff was the only witness to testify regarding the happening of the accident, the testimony of the police officer who responded to the scene of the accident, as well as certain inconsistencies in the plaintiff's own testimony, raised credibility issues for the jury to resolve (*see Lee v City Brewing Corp.,* 279 NY 380, 384 [1939]; *Spencer v City of New York,* 300 AD2d 468 [2002]). The jury was not required to credit the plaintiff's testimony regarding the happening of the accident, and a fair interpretation of the evidence supports the conclusion that he failed to meet his burden of establishing that Vasquez negligently operated his vehicle (*see Spencer v City of New York, supra*). Florio, J.P., Feuerstein, Friedmann and Rivera, JJ., concur.