■ YITZCHOK MOSES, Respondent, v APPLIANCE & ELECTRONICS CITY CORP. et al., Appellants. [760 NYS2d 364] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Bonina, J.), dated December 30, 2002, which granted the plaintiff's motion pursuant to CPLR 4404 (a) to set aside a jury verdict in their favor and against the plaintiff as against the weight of the evidence, and granted a new trial.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the verdict is reinstated.

On August 31, 2000, at approximately 10:00 P.M., the plaintiff allegedly sustained injuries when, while riding his bicycle, he was struck by a van owned by the defendant Appliance & Electronics City Corp. and operated by the defendant Ahmed Maher Makky. At the time of the accident, the plaintiff was riding his bicycle against the flow of vehicular traffic, without a light or horn. At trial, the plaintiff testified that the defendants' van veered towards him and the front portion of the van struck the front of his bicycle. The police officer who responded to the scene of the accident testified that the damage to the van was to the passenger side. The jury returned a verdict finding that Makky was not negligent. The plaintiff moved to set aside the verdict as against the weight of the evidence. The Supreme Court granted the motion, and granted a new trial. On appeal by the defendants, we reverse.

" '[A] jury verdict in favor of a defendant should not be set aside unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence' " (*Spencer v City of New York,* 300 AD2d 468 [2002], quoting *Asaro v Micali,* 292 AD2d 552 [2002]; *see Grassi v Ulrich,* 87 NY2d 954, 956 [1996]; *Lolik v Big V Supermarkets,* 86 NY2d 744, 746 [1995]; *Nicastro v Park,* 113 AD2d 129, 134 [1985]). In the instant case, although the plaintiff was the only witness to testify regarding the accident, certain inconsistencies in the plaintiff's testimony, as well as the testimony of the police officer who responded to the scene, raised credibility issues for the jury to resolve (*see Margiotta v Rock & Roll Livery,* 302 AD2d 500 [2003]; *Spencer v City of New York, supra*). Accordingly, the Supreme Court improperly granted the motion to set aside the verdict. Santucci, J.P., Friedmann, Mastro and Rivera, JJ., concur.