■ CAMMY SUIB, Appellant, v NEW YORK CITY BOARD OF EDUCATION et al., Respondents, et al., Defendant. [766 NYS2d 117] —In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Dunlop, J.), entered July 25, 2002, which, upon a jury verdict in favor of the defendants New York City Board of Education and the City of New York on the issue of damages, determining that the subject accident was not a substantial factor in causing the plaintiff's injuries, and upon the denial of her motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is reversed, on the facts, with costs, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence is granted, the complaint is reinstated, and the matter is remitted to the Supreme Court, Queens County, for a new trial on the issue of damages against the respondents.

It is well settled that a jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Asaro v Micali,* 292 AD2d 552 [2002]). The plaintiff presented uncontradicted expert medical testimony by her surgeon that a previous condition had resolved itself and the current tarsal tunnel syndrome was unrelated to the previous condition and due solely to her fall on the defendants' staircase. The respondents' contention regarding the plaintiff's condition was based solely on speculation and not supported by the evidence. Accordingly, the plaintiff's motion pursuant to CPLR 4404 (a) to set aside the verdict and for a new trial on damages should have been granted (*see Farrukh v Board of Educ.,* 227 AD2d 440 [1996]; *see also Bobek v Crystal,* 291 AD2d 521 [2002], *lv denied* 100 NY2d 505 [2003]; *cf. Finucane v Negri,* 301 AD2d 626 [2003]). Smith, J.P., Townes, Cozier and Mastro, JJ., concur.