■ JOSEPH CASERTA et al., Appellants, v LEVITTOWN SCHOOL DISTRICT et al., Respondents. [784 NYS2d 381]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Nassau County (Skelos, J.), entered November 13, 2002, which, upon a jury verdict in favor of the defendants and against them, and upon the denial of their motion pursuant to CPLR 4404 (a) to set aside the verdict as against the weight of the evidence, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

On October 30, 1998, the infant plaintiff Joseph Caserta (hereinafter Caserta) was wrestling with a fellow student in a physical education class at his high school. While attempting to move away from his opponent, Caserta rolled towards his instructor, the defendant Fredrika Wandel, whose foot made contact with Caserta's leg. The plaintiffs commenced this action against the defendants for injuries Caserta allegedly sustained during the incident. The jury found that Wandel kicked or struck Caserta but that this act was not a proximate cause of the injuries. The plaintiffs contended that the jury's verdict was against the weight of the evidence.

"[A] jury verdict in favor of a defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence" (*Suib v New York City Bd. of Educ.,* 309 AD2d 920 [2003]). "[W]hen a jury, upon being presented with sharply conflicting evidence creating a factual dispute, resolved the controversy in favor of the defendant upon a fair interpretation

of the evidence, that finding should be sustained" (*Nicastro v Park*, 113 AD2d 129, 134 [1985]; *see also Richt v Strohrmann*, 247 AD2d 458 [1998]). The jury's determination that the kick did not proximately cause Caserta's injuries was a fair interpretation of the evidence (*see Miglino v Supermarkets Gen. Corp.*, 243 AD2d 451 [1997]).

The trial court has broad discretion in controlling the scope of direct, cross, and redirect questioning (*see Ingebretsen v Manha*, 218 AD2d 784 [1995]). The trial court providently exercised its discretion in refusing to admit, solely for the purpose of impeachment, an irrelevant statement made by Wandel eight months after the accident (*see Linker v Sears Roebuck & Co.*, 232 AD2d 613 [1996]).

The plaintiffs' remaining contentions are without merit. Santucci, J.P., Schmidt, Cozier and Rivera, JJ., concur.