■ EMILY SUN et al., Appellants, v COLD SPRING HARBOR LAB-ORATORY et al., Defendants, and RAINBOW CHIMES, INC., Respondent. [818 NYS2d 772]—In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Burke, J.), dated August 25, 2004, which denied their motion pursuant to CPLR 4404 (a) to set aside a jury verdict in favor of the defendant Rainbow Chimes, Inc., and for judgment as a matter of law or, in the alternative, to set aside the verdict as against the weight of the evidence.

Ordered that the order is modified, on the facts, by deleting the provision thereof denying that branch of the motion which was to set aside the jury verdict in favor of the defendant Rainbow Chimes, Inc., as against the weight of the evidence and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial against the defendant Rainbow Chimes, Inc., with costs to abide the event.

The Supreme Court properly determined that the plaintiffs failed to meet the exacting standard necessary to show that the jury verdict was not supported by legally sufficient evidence and that therefore, notwithstanding the verdict, they were entitled to judgment as a matter of law (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]). Our own factual review of the record, however, leads us to conclude that the verdict was against the weight of the evidence in that the evidence at trial so preponderated in favor of the plaintiffs that the verdict in favor of the defendant Rainbow Chimes, Inc., could not have been reached on any fair interpretation of that evidence (*see Grassi v Ulrich*, 87 NY2d 954, 956 [1996]; *Ewanitsko v Verdi Equities, Inc.*, 19 AD3d 538 [2005]; *Nicastro v Park*, 113 AD2d 129 [1985]). Accordingly, the plaintiffs are entitled to a new trial. Florio, J.P., Spolzino, Fisher and Lunn, JJ., concur.