■ LUIS ANTONIO AVENDANO, Appellant, v C.W. STAVRAKOS, Respondent. [819 NYS2d 474]—In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Kings County (Knipel, J.), dated May 17, 2005, as denied those branches of his motion pursuant to CPLR 4404 (a) which were to set aside a jury verdict in favor of the defendant and against him on the issue of liability as against the weight of the evidence and for a new trial, and (2) from a judgment of the same court dated October 18, 2005, which, upon the jury verdict, is in favor of the defendant and against him, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see Matter of Aho,* 39 NY2d 241, 248 [1976]). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A jury verdict in favor of the defendant should not be set aside as against the weight of the evidence unless the evidence preponderates so heavily in the plaintiff's favor that the verdict could not have been reached on any fair interpretation of the evidence (*see Lolik v Big V Supermarkets,* 86 NY2d 744 [1995]; *Castano v Aguera,* 23 AD3d 327 [2005]; *Spencer v City of New York,* 300 AD2d 468 [2002]; *Nicastro v Park,* 113 AD2d 129 [1985]). Great deference is accorded to the fact-finding function of the jury, and determinations regarding the credibility of witnesses are for the finder of fact, which had the opportunity to see and hear the witnesses (*see Yau v New York City Tr. Auth.,* 10 AD3d 654 [2004]; *Margiotta v Rock & Roll Livery,* 302 AD2d 500 [2003]). Upon review of the record, we conclude that the verdict finding that the defendant was not negligent was based upon a fair interpretation of the evidence (*see Rocklin v Beigert,* 224 AD2d 605 [1996]; *Fieldy v Weimer,* 169 AD2d 961 [1991]). Miller, J.P., Adams, Skelos and Covello, JJ., concur.