JOAN MARAVIGLIA et al., Appellants, v IRINA LOKSHINA et al., Respondents. [939 NYS2d 534]—

The appeal from the intermediate order dated August 13, 2010, must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (*see Matter of Aho*, 39 NY2d 241, 248 [1976]). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

A new trial is warranted in light of the inappropriate cross-examination of the plaintiffs' witnesses, as well as the inflam-

matory and improper summation comments of counsel for the defendants. The defendants' counsel repeatedly denigrated the medical background of the injured plaintiff's treating physician. Counsel also made inflammatory remarks, including commenting during summation that the plaintiff's treating physician and the plaintiff were "working the system." Moreover, counsel remarked that the injured plaintiff's treating physician testified "at an enormous amount of Workers [Compensation] proceedings" and was the "go-to" doctor in Suffolk County for patients who wished to stop working. By contrast, counsel vouched for the credibility of the defendants' expert witness by thanking "God there are people like [him] who are the stop gap."

Additionally, during cross-examination of the plaintiffs' expert anesthesiologist, counsel for the defendants twice referred to the medical center where this doctor performed certain procedures as a "parking lot," even though the court had sustained the plaintiffs' objection to the first use of this reference. In addition, counsel persistently questioned the plaintiffs' expert about an investigation by the Department of Health of "anesthetic mishaps" in the anesthesiology department at Long Island Jewish Medical Center, despite the expert's testimony that the investigation did not involve his practice, and the defendants' lack of any evidence to the contrary. Counsel also commented that the plaintiffs' expert was "sensitive" about this topic, and stated repeatedly that the plaintiffs' expert was "out of control." Further, in questioning the plaintiffs' expert about a malpractice case that had been brought against him, counsel remarked that the expert had been "afraid to take the witness stand in that case."

Moreover, counsel for the defendants cross-examined the plaintiffs' economic expert on collateral issues, including, among other matters, the state of the local Suffolk County economy, the foreclosure rate in that county, and the 12-year period during which judges in New York State had continued to work without receiving a raise.

Based on the foregoing, the Supreme Court should have granted that branch of the plaintiffs' motion which was pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of liability and for a new trial (see Blinds to Go [US], Inc. v Times Plaza Dev., L.P., 88 AD3d 838 [2011]; Gutierrez v City of New York, 205 AD2d 425 [1994]; Pagano v Murray, 309 AD2d 910, 911 [2003]; Reynolds v Burghezi, 227 AD2d 941, 942 [1996]; Steidel v County of Nassau, 182 AD2d 809, 814 [1992]). Rivera, J.P., Eng, Roman and Sgroi, JJ., concur.