■ Anil Sehgal et al., Respondents, v www.nyairports-bus.com, Inc., et al., Appellants. [59 NYS3d 441]—

In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Queens County (Pineda-Kirwan, J.), entered January 8, 2015, which, upon the granting of the plaintiffs' motion for summary judgment on the issue of liability, upon a jury verdict on the issue of damages awarding the plaintiff Anil Sehgal the sum of $150,000 for past pain and suffering, $50,000 for future pain and suffering, and $505,050 for future medical expenses, and awarding the plaintiff Renu Sehgal the sum of $100,000 for loss of services, and upon the denial of that branch of the defendants' motion which was pursuant to CPLR 4404 (a) to set aside the verdict as contrary to the weight of the evidence and excessive, is in favor of the plaintiffs and against them.

Ordered that the judgment is affirmed, with costs.

On August 7, 2010, at the intersection of Fifth Avenue and West 57th Street in Manhattan, the plaintiffs' vehicle was preparing to stop at a red light when it was struck from behind by the defendants' vehicle. The plaintiffs successfully moved for summary judgment on the issue of liability (*see Sehgal v www.nyairportsbus.com, Inc.*, 100 AD3d 860 [2012]). At the ensuing damages trial, the Supreme Court precluded the defendants from impeaching the plaintiff Anil Sehgal (hereinafter the injured plaintiff) with questions concerning his employment by the law firm representing him in the action and his referral to certain doctors by the law firm. The trial resulted in a judgment in favor of the plaintiffs and against the defendants. The defendants appeal.

"[T]he scope of cross-examination and the determination of the evidence which may be introduced for impeachment purposes lies within the sound discretion of the trial court and its ruling will not be disturbed unless there was an improvi-

dent exercise of discretion" (*Linker v Sears Roebuck & Co.*, 232 AD2d 613, 613 [1996]). Here, the Supreme Court providently exercised its discretion in precluding the defendants from questioning the injured plaintiff concerning his employment by the law firm which represented him in the action and his referral to doctors by the law firm, in an effort to establish their unsubstantiated and prejudicial claim that he was "working the system" (*see Smith v Rudolph*, 151 AD3d 58, 64 [2017]; *Maraviglia v Lokshina*, 92 AD3d 924, 924-925 [2012]).

The awards for future medical expenses and loss of services were not contrary to the weight of the evidence (*see Roman v Brooklyn Navy Yard Dev. Corp.*, 63 AD3d 1136, 1137 [2009]), and did not deviate from what would be reasonable compensation (*see* CPLR 5501 [c]). Rivera, J.P., Chambers, Maltese and Barros, JJ., concur.