Olive v New York City Tr. Auth. (2021 NY Slip Op 04666)





Olive v New York City Tr. Auth.


2021 NY Slip Op 04666


Decided on August 11, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 11, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
LINDA CHRISTOPHER, JJ.


2019-04282
 (Index No. 11969/12)

[*1]Davon Olive, respondent, 
v
New York City Transit Authority, appellant.


Anna Ervolina, Brooklyn, NY (Harriet Wong of counsel), for appellant.
Bruce S. Reznick, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated March 4, 2019. The order, insofar as appealed from, denied those branches of the defendant's motion which were pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside the jury verdict on the issue of damages for past pain and suffering and future pain and suffering as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages for past pain and suffering and future pain and suffering.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On November 1, 2011, the plaintiff, then 12 years old, slipped and fell on a puddle of water on the platform of the Grand Army Plaza subway station in Brooklyn. The plaintiff commenced this action against the defendant, New York City Transit Authority, to recover damages for personal injuries. The case thereafter proceeded to trial. At the close of the liability phase of the bifurcated trial, the jury found that the defendant was 100% liable for the happening of the subject accident. At the close of the damages phase of the trial, the jury awarded the plaintiff $200,000 for past pain and suffering and $400,000 for future pain and suffering (for a period of 56 years). The defendant thereafter moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial or, in the alternative, to set aside the jury verdict on the issue of damages for past pain and suffering and future pain and suffering as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages for past pain and suffering and future pain and suffering. In the order appealed from, the Supreme Court denied the defendant's motion.
The jury's determination with respect to the defendant's liability was supported by a fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746). Here, contrary to the defendant's contention, the issues of negligence and proximate cause were not inextricably interwoven, and the jury's determination that the plaintiff was negligent but that his negligence was not a proximate cause of the accident was supported by a fair interpretation of the [*2]evidence (see Moffett-Knox v Anthony's Windows on Lake, Inc., 126 AD3d 768, 768-769).
"A jury verdict on the issue of damages may be set aside 'as against the weight of the evidence only if the evidence on that issue so preponderated in favor of the plaintiff that the jury could not have reached its determination on any fair interpretation of the evidence'" (Curry v Hudson Val. Hosp. Ctr., 104 AD3d 898, 900, quoting Carter v New York City Health & Hosps. Corp., 47 AD3d 661, 663). "While the amount of damages to be awarded for personal injuries is a question for the jury, and the jury's determination is entitled to great deference, it may be set aside if the award deviates materially from what would be reasonable compensation" (Vainer v DiSalvo, 107 AD3d 697, 698 [citation and internal quotation marks omitted]; see CPLR 5501[c]). Here, the verdict as to damages for pain and suffering, both past and future, was supported by a fair interpretation of the evidence. Moreover, the awards of $200,000 for past pain and suffering and $400,000 for future pain and suffering were not excessive, as they did not deviate materially from what would be reasonable compensation (see CPLR 5501[c]).
The defendant's remaining contentions are without merit.
DILLON, J.P., CONNOLLY, IANNACCI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court