| |
|---|
| **Burns v Antell** |
| 2024 NY Slip Op 34173(U) |
| November 26, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 450950/2019 |
| Judge: John J. Kelley |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:   **HON. JOHN J. KELLEY**                    PART                    **56M**

*Justice*

-------------------------------------------------------------------------------X

ANNE M. BURNS,

                                    Plaintiff,

                    - v -

DARRICK E. ANTELL, M.D., and LENOX HILL
AMBULATORY SURGERY, P.C. (also known as
COLUMBIA EAST SIDE SURGERY, also known as
MANHATTAN RECONSTRUCTIVE SURGERY, also known
as DARRICK E. ANTELL, M.D., P.C.),

                                    Defendants.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 450950/2019 |
| MOTION DATE | 10/15/2024 10/15/2024 |
| MOTION SEQ. NO. | 007, 008 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 007) 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 370, 371, 377

were read on this motion to/for                    SET ASIDE VERDICT                    .

The following e-filed documents, listed by NYSCEF document number (Motion 008) 330, 331, 332, 333, 334, 335, 336, 337, 338, 339, 340, 341, 342, 343, 344, 345, 346, 366, 367, 368, 369, 372, 374, 376

were read on this motion to/for                    MODIFY ORDER/JUDGMENT                    .

In this action to recover damages for medical malpractice, the plaintiff moves pursuant to CPLR 4404(a) to set aside so much of the jury verdict as was in favor of the defendants with respect to the plaintiff's first two claims of malpractice, which had asserted that they committed malpractice by failing affirmatively to treat venous congestion in the plaintiff's left nipple areola complex, or to perform a free nipple graft procedure, on both August 11, 2016 and August 12, 2016 (MOT SEQ 007). The plaintiff thereupon requests the court to award her judgment as a matter of law on the issue of liability on those first two claims, and to set the matter down for trial on the issue of damages with respect thereto. In the alternative, she moves to set aside those portions of the verdict as contrary to the weight of the evidence, or in the interests of justice, and for a new trial on those two claims of medical malpractice, to be held simultaneously with the retrial of the plaintiff's third claim alleging malpractice, in which the plaintiff had alleged that the

[* 1]

defendants committed malpractice by failing to advise her immediately to return to their office on August 17, 2016, or to seek immediate medical attention on that date in her hometown of Ithaca, New York.  As an additional alternative to those requests for relief, the plaintiff seeks a stay of the retrial of the third claim for malpractice, pending an appeal from any order declaring or confirming a mistrial with respect to the alleged August 17, 2016 departure from good and accepted practice.  The defendants oppose the motion.  That motion is denied.  The defendants move pursuant to CPLR 4404(a) to vacate the mistrial that the court declared upon the jury's deadlock with respect to the plaintiff's third claim of malpractice, and thereupon to award them judgment dismissing that claim (MOT SEQ 008).  The plaintiff opposes that motion.  That motion is denied as well, and, on March 24, 2025, the parties shall proceed to a retrial of the plaintiff's third claim, arising from the defendants' alleged malpractice of August 17, 2016.

The crux of this action is that the defendant Darrick E. Antell, M.D., along with his professional corporations, departed from good and accepted medical practice with respect to the post-surgical advice, care, and treatment that Antell provided and rendered to the plaintiff in connection with a bilateral, medically indicated breast reduction surgery that he performed on the plaintiff on August 10, 2016.  The action was tried before a jury between February 21, 2024 and March 12, 2024.  The court instructed the jury to consider four alleged departures from good and accepted medical practice: (1) whether Antell departed from good and accepted medical practice on August 11, 2016 by failing to treat venous congestion in the plaintiff's left nipple-areola complex, or recommending that she undergo a free nipple graft procedure, (2) whether Antell departed from good and accepted medical practice on August 12, 2016 by failing to treat venous congestion in the plaintiff's left nipple-areola complex or recommending that she undergo a free nipple graft procedure, (3) whether Antell departed from good and accepted medical practice on August 17, 2016, upon seeing photographs of the plaintiff's left breast taken earlier that day, and thereupon failing to instruct the plaintiff either immediately return to his office or to seek immediate medical attention in her hometown, and (4) whether Antell departed

450950/2019   BURNS, ANNE M. vs. ANTELL, MD, DARRICK E.
Motion No.  007 008

Page 2 of 7

from good and accepted medical practice on August 25, 2016 by failing to debride the necrotic tissue in the plaintiff's left nipple-areola complex, and instead waiting until August 31, 2016 to perform a debridement procedure. After deliberating for approximately three days, the jury found that Antell did not depart from good and accepted medical practice on August 11, 2016, August 12, 2016, or August 25, 2016, but deadlocked three-to-three with respect to the question of whether he departed from good and accepted medical practice on August 17, 2016. The court thereupon declared a mistrial and directed a retrial with respect to that third alleged departure from good and accepted practice.

Initially, the court notes that, as part of its instructions to the jury, it included an "error of judgment" charge, a charge that may be given where "a doctor has chosen one of two or more medically acceptable alternative treatments or techniques" (*Nestorowich v Ricotta*, 97 NY2d 393, 395 [2002]). This instruction was correct. Where, as here, a physician elects to wait and observe a plaintiff's condition, rather than undertaking immediate treatment or testing that he or she also had considered, the determination to wait and observe may constitute a medically acceptable alternative warranting an error of judgment instruction (*see Beebe v St. Joseph's Hosp. Health Ctr*. 121 AD3d 1536, 1538 [4th Dept 2014]; *Lenzini v Kessler*, 48 AD3d 220, 220-221 [1st Dept 2008]; *Dermargosian v Cabrini Med. Ctr.,* 2011 NY Slip Op 32190[U], *7, 2011 NY Misc LEXIS 3948, *8 [Sup Ct, N.Y. County, Aug. 5, 2011]). This case does not present the situation in which the only issue presented was whether a particular treatment was or was not appropriate, a situation in which the error of judgment charge should not be given (*see Rospierski v Haar*, 59 AD3d 1048, 1049 [4th Dept 2009]), particularly because, unlike the circumstances underlying *Rospierski,* there was evidence adduced here that Antell considered courses of action other than the "wait and observe" alternative, and that those alternatives may also have been appropriate.

A party who moves for judgment as a matter of law notwithstanding the verdict essentially is arguing that the court should set aside the jury verdict on the ground that it was

**450950/2019   BURNS, ANNE M. vs. ANTELL, MD, DARRICK E.**
**Motion No.  007 008**

Page 3 of 7

3 of 7

[* 3]

not supported by legally sufficient evidence (*see Nemeth v Brenntag N. Am.*, 38 NY2d 336, 341-342 [2022]; *Bradley v Earl B. Feiden, Inc.*, 8 NY3d 265, 273 [2007]). As the Court of Appeals explained it,

> "[f]or a court to conclude as a matter of law that a jury verdict is not supported by sufficient evidence . . . requires a harsh[ ] and more basic assessment of the jury verdict. It is necessary to first conclude that there is simply no valid line of reasoning and permissible inferences which could possibly lead rational men [sic] to the conclusion reached by the jury on the basis of the evidence presented at trial. The criteria to be applied in making this assessment are essentially those required of a Trial Judge asked to direct a verdict. It is a basic principle of our law that 'it cannot be correctly said in any case where the right of trial by jury exists and the evidence presents an actual issue of fact, that the court may properly direct a verdict'"

(*Cohen v Hallmark Cards, Inc.*, 45 NY2d 493, 499 [1978], quoting *McDonald v Metropolitan St. Ry.*, 167 NY 66, 69-70 [1901]). Inasmuch as the court concludes that legally sufficient evidence supported the jury's determination with respect to the first and second alleged departures from accepted medical practice, those branches of the plaintiff's motion that sought to set aside that portion of the verdict, and thereupon award her judgment as a matter of law with respect thereto, must be denied. Similarly, inasmuch as there was a valid line of reasoning and permissible inferences from which the jury could have found either that the defendants did or did not depart from good and accepted medical practice on August 17, 2016, the court also must deny the defendants' motion to vacate the declaration of a mistrial, and for judgment as a matter of law dismissing that claim of departure.

The standard for making a determination as to whether a jury's verdict is contrary to the weight of the evidence is whether "'the evidence so preponderate[d] in favor of the [plaintiff] that [the verdict] could not have been reached on any fair interpretation of the evidence'" (*Lolik v Big V Supermarkets*, 86 NY2d 744, 746 [1995], quoting *Moffatt v Moffatt*, 86 AD2d 864, 864 [2d Dept 1982, *affd* 62 NY2d 875 [1984]; *see Killon v Parrotta*, 28 NY3d 101, 107 [2016]; *McDermott v Coffee Beanery, Ltd.*, 9 AD3d 195, 205 [1st Dept 2004]; *Goldstein v Snyder*, 3

450950/2019   BURNS, ANNE M. vs. ANTELL, MD, DARRICK E.
Motion No.  007 008

Page 4 of 7

AD3d 332, 333-334 [1st Dept 2004]; *Kennedy v New York City Health & Hosps. Corp*., 300 AD2d 146, 147 [1st Dept 2002]).

"Whether a particular factual determination is against the weight of the evidence is itself a factual question. . . . Thus, the question whether a verdict is against the weight of the evidence involves what is in large part a discretionary balancing of many factors" (*Cohen v Hallmark Card, Inc*., 45 NY2d at 498-499; *McDermott v Coffee Beanery, Ltd*., 9 AD3d at 205). These factors include "'an application of that professional judgment gleaned from the Judge's background and experience as a student, practitioner and Judge'" (*Annunziata v City of New York*, 175 AD3d 438, 441 [2d Dept 2019], quoting *Nicastro v Park*, 113 AD2d 129, 135 [2d Dept 1985]) and "interest of justice" factors (*Jordan v Bates Adv. Holdings, Inc*., 11 Misc 3d 764, 774-775 [Sup Ct, N.Y. County 2006] [Acosta, J.]).  Nonetheless, the court is mindful that "[a] preeminent principle of jurisprudence in this area is that the discretionary power to set aside a jury verdict and order a new trial must be exercised with considerable caution, for in the absence of indications that substantial justice has not been done, a successful litigant is entitled to the benefits of a favorable jury verdict" (*Nicastro v Park*, 113 AD2d at 133).  Although a trial court possesses broad discretion to grant a new trial where the verdict is against the weight of the evidence (*see Bobek v Crystal*, 291 AD2d 521, 522 [2d Dept 2002]; *Salazar v Fisher*, 147 AD2d 470, 471 [2d Dept 1989]), "the court is not free to interfere with the verdict simply because it views it as unsatisfactory, is in disagreement with it, or simply wishes to substitute its own determination for that of the jury" (*Bobek v Crystal*, 291 AD2d at 522; *see Jankoff v Recess Restaurant, Inc.,* 2009 NY Slip Op 31160[U], *6, 2009 NY Misc LEXIS 5665, *7 [Sup Ct, N.Y. County, May 28, 2009]; *see generally Nicastro v Park*, 113 AD2d at 133).

Generally, the conflicting expert opinions offered by the parties at trial "'present a credibility determination for the jury, which, as was its purview,'" it is permitted to resolve against either party (*Salovin v Orange Regional Med. Ctr*., 174 AD3d 1191, 1194 [3d Dept 2019], quoting *Rabideau v Weitz*, 169 AD3d 1330, 1332 [3d Dept 2019]; se*e Healthcare Professionals*

450950/2019   BURNS, ANNE M. vs. ANTELL, MD, DARRICK E.                                      Page 5 of 7
Motion No.  007 008

5 of 7

*Ins. Co. v Parentis*, 165 AD3d 1558, 1560 [3d Dept 2018]).  Thus, under most circumstances, including those present in the instant matter, the court must give deference to the jury's resolution of credibility issues and, in a battle of experts, the conflicting testimony would generally not so preponderate in any party's favor such that the jury's verdict could not have been reached on any fair interpretation of the evidence (*see Salovin v Orange Regional Med. Ctr.*, 174 AD3d at 1194  *Rabideau v Weitz*, 169 AD3d at 1332; *Capierseo v Tomaino*, 160 AD3d 1346, 1348 [4th Dept 2018]; *Matter of New York City Asbestos Litig.*, 148 AD3d 233, 251 [1st Dept 2017]; *Longtin v Miller*, 133 AD3d 939, 941 [3d Dept 2015]).

Since the testimony of the several experts who testified, including that of Antell himself, was not incredible as a matter of law or completely unworthy of belief (*see* Loughman v A.W. Flint Co., 132 AD2d 507, 510 [1st Dept 1987]; *see generally Young v City of New York*, 250 AD2d 383, 383-384 [1st Dept 1998]), the court cannot conclude that the jury's verdict with respect to the plaintiff's first and second claims of departure could not be reached on any fair interpretation of the evidence, regardless of the court's opinion as to the wisdom of that verdict. Nor do interest-of-justice factors militate in favor of setting aside the jury's verdict in connection with the first and second claims of malpractice.  Hence, those branches of the plaintiff's motion which were to set aside so much of the jury's verdict as was in favor of the defendants on her first and second claims, and for a new trial thereon, must be denied.

The court concludes that there is no basis for staying the retrial of the plaintiff's third claim pending any potential appeal from this decision and order.

Accordingly, it is,

ORDERED that the plaintiff's motion is denied (MOT SEQ 007); and it is further,

ORDERED that the defendants' motion is denied (MOT SEQ 008); and it is further,

ORDERED that counsel for the parties shall report to Part 40 of the Supreme Court, New York County, on March 24, 2025 at 9:30 a.m. to commence selection of a jury for the retrial

450950/2019   BURNS, ANNE M. vs. ANTELL, MD, DARRICK E.
Motion No.  007 008

Page 6 of 7

6 of 7

the plaintiff's claim with respect to the defendants' alleged August 17, 2016 departure from good and accepted medical practice.

This constitutes the Decision and Order of the court.

| | |
|---|---|
| **11/26/2024** | |
| **DATE** | **JOHN J. KELLEY, J.S.C.** |

| MOTION 007: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |
| MOTION 008: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | | GRANTED | X DENIED | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**450950/2019  BURNS, ANNE M. vs. ANTELL, MD, DARRICK E.**
**Motion No.  007 008**                                                      **Page 7 of 7**

7 of 7