Fuentes v Ingram (2025 NY Slip Op 00951)

Fuentes v Ingram

2025 NY Slip Op 00951

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LARA J. GENOVESI
CHERYL E. CHAMBERS
LOURDES M. VENTURA, JJ.

2022-04287
 (Index No. 609109/17)

[*1]Carlos E. Fuentes, et al., respondents,
v
Christopher Ingram, et al., appellants.

Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel), for appellants.
Dell & Dean, PLLC (Joseph G. Dell and Horn Appellate Group, Brooklyn, NY [Scott T. Horn and Christen Giannaros], of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendants appeal from a judgment of the Supreme Court, Nassau County (Leonard D. Steinman, J.), dated April 6, 2022. The judgment, insofar as appealed from, upon a jury verdict on the issue of damages awarding the plaintiff Carlos E. Fuentes the sums of $425,000 for past pain and suffering and $600,000 for future pain and suffering and awarding the plaintiff Hemily Fuentes the sums of $35,000 for past loss of services and $50,000 for future loss of services, and upon an order of the same court entered January 19, 2022, inter alia, denying that branch of the defendants' motion which was pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages, is in favor of the plaintiffs and against the defendants in the total principal sum of $1,110,000.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
In March 2017, the plaintiff Carlos E. Fuentes (hereinafter the injured plaintiff), then 35 years old, was injured in Hempstead when the vehicle he was operating collided with a police vehicle operated by the defendant Christopher Ingram and owned by the defendants County of Nassau and Nassau County Police Department (hereinafter collectively with Christopher Ingram, the defendants). As a result of the collision, the injured plaintiff's vehicle flipped over multiple times. Thereafter, the injured plaintiff, and his wife suing derivatively, commenced this action against the defendants, among other things, to recover damages for personal injuries.
At the close of the liability phase of the trial, the jury rendered a verdict finding the defendants liable for the accident. During the damages phase of the trial, the plaintiffs presented, inter alia, testimony from an orthopedic surgeon, establishing that the injured plaintiff sustained injuries to various body parts as a result of the accident. The evidence, for example, indicated that the injured plaintiff suffered from grade four chondromalacia in his left knee and multiple herniated discs in the cervical and lumbar regions of his spine, among other injuries. The orthopedic surgeon, who performed arthroscopic surgery to the injured plaintiff's left knee, testified, among other things, that the injuries were permanent, that the knee injuries in particular would likely worsen over time, [*2]and that additional surgery may be necessary. The defendants did not offer any expert testimony of their own.
Following the damages phrase of the trial, the jury awarded the injured plaintiff the sums of $425,000 for past pain and suffering and $600,000 for future pain and suffering and awarded his wife the sums of $35,000 for past loss of services and $50,000 for future loss of services. The defendants subsequently moved, inter alia, pursuant to CPLR 4404(a) to set aside the jury verdict on the issue of damages as contrary to the weight of the evidence and as excessive and for a new trial on the issue of damages. By order entered January 19, 2022, the Supreme Court, among other things, denied that branch of the defendants' motion. A judgment dated April 6, 2022, was entered in favor of the plaintiffs and against the defendants in the total principal sum of $1,110,000. The defendants appeal.
"A jury verdict on the issue of damages may be set aside as contrary to the weight of the evidence only if the evidence on that issue so preponderated in favor of the movant that the jury could not have reached its determination on any fair interpretation of the evidence" (Carter v City of New Rochelle, 208 AD3d 843, 845). Moreover, "[t]he amount of damages to be awarded to a plaintiff for personal injuries is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation" (Wynter v Transdev Servs., Inc., 207 AD3d 785, 787; see CPLR 5501[c]). "Since the inherently subjective nature of noneconomic awards cannot produce mathematically precise results, the 'reasonableness' of compensation must be measured against the relevant precedent of comparable cases" (Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 634). "Although prior damage awards in cases involving similar injuries are not binding upon the courts, they guide and enlighten them with respect to determining whether a verdict in a given case constitutes reasonable compensation" (Blair v Coleman, 211 AD3d 671, 674 [internal quotation marks omitted]). "However, consideration should also be given to other factors, including the nature and extent of the injuries" (Taveras v Vega, 119 AD3d 853, 854).
Here, the jury's verdict as to damages, both past and future for each plaintiff, was supported by a fair preponderance of the evidence (see Olive v New York City Tr. Auth., 197 AD3d 567, 569). Further, considering the evidence regarding the nature and extent of the injured plaintiff's injuries and a review of comparable precedent, the jury's damages award for the injured plaintiff's past pain and suffering did not deviate materially from what would be reasonable compensation (see Lewis v Vertex Constr. Corp., 170 AD3d 990, 990-992; Luna v New York City Tr. Auth., 116 AD3d 438, 438; Purkiss-Riddle v New York City Tr. Auth., 89 AD3d 1001, 1001-1002). The damages award for his future pain and suffering over a period of 30 years also was not excessive (see Castillo v MTA Bus Co., 163 AD3d 620, 621-623; Quijano v American Tr. Ins. Co., 155 AD3d 981, 982-984; Smith v Manhattan & Bronx Surface Tr. Operating Auth., 58 AD3d 552, 552-553). Similarly, the jury's damages awards for past and future loss of services to the injured plaintiff's wife did not deviate materially from what would be reasonable compensation (see Sehgal v www.nyairportsbus.com, Inc., 153 AD3d 571, 571-572; Emeagwali v Brooklyn Hosp. Ctr., 60 AD3d 891, 891-892; Brown v Elliston, 42 AD3d 417, 417-419).
DILLON, J.P., GENOVESI, CHAMBERS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court