Abdenbi v Walgreen Co (2025 NY Slip Op 04222)

Abdenbi v Walgreen Co

2025 NY Slip Op 04222

Decided on July 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
JAMES P. MCCORMACK, JJ.

2021-05606
 (Index No. 520605/16)

[*1]Omar B. Abdenbi, appellant, 
v
Walgreen Co, et al., respondents.

William Schwitzer & Associates, P.C., New York, NY (D. Allen Zachary and Travis Wong of counsel), for appellant.
Giordano, Glaws & Fenstermacher, LLP, New York, NY (Erica A. Fenstermacher of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a clerk's judgment of the Supreme Court, Kings County, dated July 8, 2021. The clerk's judgment, upon a jury verdict, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the clerk's judgment is affirmed, with costs.
In February 2015, a livery cab operated by the plaintiff and a Walgreens tractor-trailer operated by the defendant Christopher B. Bowman collided in the westbound lanes of the Brooklyn-Queens Expressway in Brooklyn. The plaintiff then commenced this action to recover damages for personal injuries allegedly sustained in the accident against Bowman and the defendants Walgreen Co, Walgreens Family of Companies, and Walgreen Oshkosh, Inc. The matter proceeded to a bifurcated jury trial. The jury found that Bowman was not negligent at the time of the accident. A clerk's judgment was then entered in favor of the defendants and against the plaintiff dismissing the complaint. The plaintiff appeals.
"[T]he scope of cross-examination and the determination of the evidence which may be introduced for impeachment purposes lies within the sound discretion of the trial court and its ruling will not be disturbed unless there was an improvident exercise of discretion" (Linker v Sears Roebuck & Co., 232 AD2d 613, 613; see Sehgal v www.nyairportsbus.com, Inc., 153 AD3d 571, 571-572). Indeed, the trial court has broad discretion in controlling the scope of direct, cross, and redirect examination (see Caserta v Levittown School Dist., 12 AD3d 549, 550; Ingebretsen v Manha, 218 AD2d 784). Here, the Supreme Court providently exercised its discretion in permitting, for impeachment purposes, defense counsel's limited cross-examination of the plaintiff's expert as to the conclusions reached by an officer who authored a police accident report regarding the accident, as the plaintiff's expert admitted to reviewing and relying on, among other things, that report in reaching his conclusions and preparing for trial.
The plaintiff's contention on appeal concerning summation comments made by defense counsel, who referred to the plaintiff as inattentive and/or aggressive when describing the plaintiff's actions prior to the accident, are unpreserved for appellate review (see Yakubov v Gaft, [*2]231 AD3d 1099, 1101; Castillo v MTA Bus Co., 163 AD3d 620, 623). The plaintiff's counsel failed to object to these comments at trial, did not request curative instructions at the time the comments were made, and did not move for a mistrial on this ground (see Yakubov v Gaft, 231 AD3d at 1101; Kulynska v Agayeva, 188 AD3d 659, 660).
GENOVESI, J.P., MILLER, DOWLING and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court